McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>2004 HONDA ATV TRX350, VIN: 478TE240244307570, and<br><br>2004 HONDA ATV TRX400FA RANCHER, VIN: 478TE29034413393,<br><br>　　　　Defendants. | 2:07-CV-02124-LKK-KJM<br><br>JOINT STATUS (PRETRIAL SCHEDULING) REPORT AND REQUEST FOR STAY AND ORDER<br><br>DATE: January 22, 2008<br>TIME: 11:30 a.m.<br>COURTROOM: Chambers/4 |

　　Plaintiff United States of America and claimants Kurt and Monica Karst (collectively "the parties") submit the following Status Report pursuant to the Court's November 8, 2007, order.

　　(a) **Parties**: The U.S. Attorney's Office, through the undersigned counsel, represents the plaintiff United States of America.

　　Claimants are represented by Brenda Grantland.

　　(b) **Summary of Facts and Legal Theories**:

　　The United States alleges this property is subject to forfeiture to the United States pursuant to 21 U.S.C. §

1

1  881(a)(6) because plaintiff contends the ATV's were purchased
2 with the proceeds of drug (marijuana) trafficking.
3   Claimants contend the ATV's were purchased with lawfully-
4 obtained funds.
5   (c) **Service of Process**:
6    The owners of the defendant property, Kurt and Monica
7 Karst, were served with the Complaint for Forfeiture In Rem,
8 Notice of Complaint, Application and Order for Publication, Lis
9 Pendens, and Court Notices.  The Karsts filed Claims to the
10 property and filed Answers to the Complaint for Forfeiture In
11 Rem.
12   On November 1, 2007, the U.S. Marshal arrested the defendant
13 vehicle as authorized by the Warrant for Arrest In Rem issued on
14 or about October 8, 2007.
15   Accordingly, service is complete.
16   In addition, notice of the forfeiture was published once in
17 the Feather River Bulletin by the U.S. Marshal.  Proof of
18 Publication was filed with the Court on December 10, 2007.
19   (d) **Possible Joinder of Additional Parties**:
20   None anticipated.
21   (e) **Any Expected or Desired Amendment of Pleadings**:
22   None.
23   (f) **Jurisdiction and Venue**:
24   The Court has jurisdiction in this matter pursuant to 28
25 U.S.C. §§ 1345, 1355, and 21 U.S.C. § 881.  Venue is proper in
26 this district pursuant to 28 U.S.C. § 1395(b) because the
27 defendant property that is subject to forfeiture was seized in
28 this district.

(g) **Anticipated Motions with Suggested Law and Motion Dates**:

The parties request that this case not be scheduled at this time because they are requesting a stay of further proceedings for six months as explained in the following paragraph.

(h) **Anticipated Discovery And The Scheduling Thereof**:

Pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) the parties suggest that a stay of further proceedings in this case is necessary.  The United States contends that the defendant property was purchased with the proceeds of drug (marijuana) trafficking and is therefore forfeitable to the United States.  The United States intends to depose the claimants about the claims they filed in this case; their sources of income; and their involvement in the cultivation and distribution of marijuana.  If discovery proceeds, claimants would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect their alleged interest in the defendant property, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in the on-going criminal investigation.  If claimants invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed in this action and the defenses raised in their Answers.

In addition, claimants intend to depose law enforcement officers who were involved in the investigation that ultimately led to the execution of a state search warrant at two residences owned by claimants and the defendant property.  Allowing

1 depositions of these officers would adversely affect the ability
2 of the United States to conduct its related criminal
3 investigation.
4     Accordingly, the parties contend that proceeding with this
5 action at this time has potential adverse affects on the
6 investigation and possible prosecution of the related criminal
7 case and/or upon claimants' ability to prove their claim to the
8 property and to contest the government's allegations that the
9 property is forfeitable.  For these reasons, the government
10 requests that this matter be stayed for a period of six months.
11 At that time the government will advise the Court whether a
12 further stay is necessary.
13     (i)  **Further Proceedings, Suggested Case Schedule**:
14     The parties request that the case not be scheduled at this
15 time.
16     (j)  **Special Proceedings**:
17     None.
18     (k)  **Demand For Jury Trial**:
19     Claimants made a timely demand for a jury trial.
20     (l)  **Estimate of Trial Time**:
21     No more than 4 court days.
22     (m)  **Modification of Standard Pretrial Procedures**:
23     None.
24     (n)  **Related Matters**:
25     U.S. v. 6874 Almanor Lake Estates Drive, 2:07-974 LKK/KJM
26     U.S. v. 1066 Eaton Road, 2:07-975 LKK/KJM
27     U.S. v. 3077 Nord Avenue, 2:07-1039 LKK/KJM
28     U.S. v. 2001 Ford Excursion, 2:07-2050 LKK/KJM

1     A Related Case Order was filed on November 8, 2007.

2        (o) **Settlement Judge**:

3     The government requests that another judge be assigned as
4  the settlement judge.

5        (p) **Use of the Voluntary Dispute Resolution Program:**

6     The parties do not believe VDRP is appropriate in this case.

7        (q) **Other matters:**

8     None known at this time.

9  DATED:   January 8, 2008              McGREGOR W. SCOTT
                                         United States Attorney
10

11                                By:   /s/ Kristin S. Door
                                        KRISTIN S. DOOR
12                                      Assistant U.S. Attorney

13

14 Dated: Januaary 8, 2008              /s/ Brenda Grantland
                                        BRENDA GRANTLAND
15                                      Attorney for claimants
                                        Kurt and Monica Karst
16

17                              **ORDER**

18     For the reasons set forth above, this matter is stayed
19 pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) and 21 U.S.C. §
20 881(i) for six months.  On or before August 1, 2008, the parties
21 will advise the Court whether a further stay is necessary.

22     The scheduling conference scheduled for January 22, 2008, is
23 vacated.

24

25 IT IS SO ORDERED.

26 Dated: January 9, 2008.

27                                      LAWRENCE K. KARLTON
                                        SENIOR JUDGE
28                                      UNITED STATES DISTRICT COURT

5